UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LEE EVANS DUNIGAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-28-JD-MGG |
| KRISTEN E. MCVEY, | |
| Defendant. | |

OPINION AND ORDER

Lee Evans Dunigan, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Dunigan alleges that Kristen E. McVey, an Indiana judge, violated his rights in connection with a 2020 criminal case in which he was convicted of child molestation. Specifically, he claims that Judge McVey violated the U.S. Constitution when she denied his jury trial demand and issued rulings related to his request for self-representation and other matters. He seeks a "restraining order" against Judge McVey and "any and all other relief the Court finds appropriate." (ECF 1 at 4.)

To the extent Mr. Dunigan is trying to obtain release from custody or invalidation of his criminal conviction, he cannot seek such relief in this civil rights action; instead, his sole remedy is through habeas corpus. *See Preiser v. Rodriguez*, 411

U.S. 475, 488 (1973). Assuming he could overcome this barrier, Judge McVey has absolute immunity for her rulings in Mr. Dunigan's case. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). The absolute immunity doctrine "confers complete immunity from suit, not just a mere defense to liability," *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005), and applies whether Mr. Dunigan is seeking damages or injunctive relief. *See Haas v. Wisconsin*, 109 F. App'x 107, 114 (7th Cir. 2004); *Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003). There is an exception to the absolute immunity doctrine where the suit challenges an action that is not judicial in nature, or where the judge acts "in the absence of all jurisdiction." *Polzin*, 636 F.3d at 838. However, Mr. Dunigan is clearly seeking to challenge actions that are judicial in nature, and there is no basis in the complaint to plausibly infer that Judge McVey acted "in the absence of all jurisdiction" by issuing rulings in a case that was assigned to her. If she committed errors, Mr. Dunigan's remedy is through an appeal, not a civil lawsuit. *Dawson*, 419 F.3d at 660-61. The complaint therefore fails to state a claim for relief.

Ordinarily, the court should afford a *pro se* litigant an opportunity to replead before dismissing the case with prejudice. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). The court finds no

2

basis to conclude that, if given another opportunity, Mr. Dunigan could state a viable claim against Judge McVey, consistent with the allegations he has already made.[1]

For these reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A; and

 (2) DIRECTS the clerk to close this case.

SO ORDERED on January 19, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The court notes that this is not Mr. Dunigan's first time suing judges who presided over his cases. *See Dunigan v. Simon*, 2:21-cv-2-JVB-JPK (N.D. Ind. closed Jan. 7, 2021); *Dunigan v. Springmann*, 2:20-cv-410-PPS-JEM (N.D. Ind. closed November 19, 2020). He was told in both prior cases that judges have absolute immunity from suit for their judicial rulings.